No. 2795.

JOHN LAWHON v. THE STATE.

LOCAL OPTION LAW—AMENDMENT—CASES APPROVED.—The act of March 30, 1887, amendatory of the general local option law, is operative only in those communities wherein the local option law has been adopted since it went into effect, and can not affect those communities wherein the general local option law was previously in operation. (Dawson's case, 25 Texas Ct. App., 670. and Robinson's case, 26 Texas Ct. App., 82, approved on this question.)

APPEAL from the County Court of Cherokee. Tried below before the Hon. M. J. Whitman, County Judge.

This conviction was for a violation of the local option law, and the penalty assessed was a fine of twenty-five dollars.

The ruling of the court involves no question of fact.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This conviction is for violating the local option law. The indictment was filed on January 13, 1888, and it alleged that the offense was committed December 28, 1887. The local option law was adopted by the voters of the precinct at an election held in March, 1886.

The court below, trying the case without a jury, assessed the punishment under the provisions of the act of the Legislature,

approved March 30, 1887, amending the local option law and making the punishment more onerous. This was error.

In the case of Robinson v. The State, ante, 82, this court held that, when the people of a certain locality have adopted the local option law at an election held before the amendment was enacted, such amendment does not affect the law as it existed in such locality prior to the amendment. The amendment will only operate in such localities as since its passage may, by election, adopt its provisions. (Dawson v. The State, 25 Texas Ct. App., 670.)

The judgment is reversed and the cause remanded for trial under the old law.

*Reversed and remanded.*